MARY GOODMAN, etc., Respondent, v. LILLY DE ROCHE, Individually, and as Executrix, etc., of JULIUS DE ROCHE, Deceased, and STATEN ISLAND SAVINGS BANK, Appellants.— Action for specific performance of a contract for the sale of a parcel of real property in Staten Island. Interlocutory judgment modified so as to provide that the official referee accept, as a base on which to make the computations directed, the fact that on October 8, 1926, there was a principal indebtedness of $2,300 owing by plaintiff to Julius De Roche, and that the amount to be paid by plaintiff be computed accordingly. As so modified, the interlocutory judgment is unanimously affirmed, with costs to appellant De Roche, payable by respondent, and with costs to respondent, payable by appellant Staten Island Savings Bank. The matter is remitted to an official referee to take further proof and make the proper computations. Final judgment directing specific performance on certain terms reversed on the law and the facts, without costs. Findings and conclusions inconsistent herewith are reversed. The proposed findings of defendant De Roche numbered 8, 9, 10 and 11 are found. The burden was upon the plaintiff to establish not only the terms of the contract relied upon, but the fact of payment of moneys due thereunder. In her proof there was a series of eleven receipts dated March 8, 1927, to April 9, 1932, for sixty-nine dollars each. All of these on their face were for payments of interest. These receipts, accepted in this form, established that on October 8, 1926, there was a principal indebtedness of $2,300. The record discloses no credible evidence that establishes that these payments were for other than interest, and, therefore, these receipts establish a principal indebtedness of the amount indicated. Any finding to the contrary would be against the weight of evidence. The matter must, therefore, be remitted to an official referee for a computation of the amount due from the plaintiff, the payment of which amount shall be a condition precedent to plaintiff's receiving a deed to the property under her action for specific performance. Defendant De Roche, having proposed that plaintiff have specific performance, may not be heard on appeal to challenge plaintiff's right to such relief. So far as the appeal of defendant Staten Island Savings Bank is concerned, the interlocutory judgment is sustained by the evidence and the findings of the trial court. Hagarty, Carswell, Davis, Johnston and Taylor, JJ., concur. Settle order on notice.

MAX GURTLER, an Infant, by His Guardian ad Litem, HERMAN GURTLER, and HERMAN GURTLER, Individually, Respondents, v. BROOKLYN BUS CORPORATION, Appellant.— Judgment for plaintiffs in an action to recover damages for injuries sustained by reason of loss of balance owing to a sudden jerk of a bus, and for loss of services and expenses, reversed on the law and the facts and a new trial granted, with costs to abide the event. In our opinion, the verdict was contrary to the credible evidence. Hagarty, Carswell, Davis, Johnston and Taylor, JJ., concur.

JOSEPH J. HAVILAND, Respondent, v. THE COUNTY TRUST COMPANY, as Trustee under the Last Will and Testament of CECELIA D. FAILE, Appellant.— Action for damages because of failure of the defendant to deliver possession of certain premises in Mamaroneck which it leased to the plaintiff for a three-year period. Judgment of the County Court of Westchester county for plaintiff and order denying motion for a new trial unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.